IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARQUIS JAMELE LEE ROBINSON                                                  PLAINTIFF

v.                                  Civil No. 4:18-cv-04050

WARDEN WALKER, Miller County
Detention Center ("MCDC"); KITCHEN
SERGEANT, MCDC; OFFICER PEOPLES,
MCDC; LIEUTENANT MILLER, MCDC
and CAPTAIN ADAMS, MCDC                                                      DEFENDANTS

**ORDER**

This is a civil rights action filed by Plaintiff Marquis Jamele Lee Robinson pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**I.    BACKGROUND**

Plaintiff filed his Complaint on April 11, 2018. (ECF No. 1). His application to proceed *in forma pauperis* ("IFP") was granted the same day. (ECF No. 3). In the order granting IFP, the Court directed Plaintiff to file an Amended Complaint to clarify his claims against Defendants. *Id.* On April 24, 2018, Plaintiff filed his Amended Complaint. (ECF No. 7).

Plaintiff is currently incarcerated in the Miller County Detention Center ("MCDC") awaiting trial on pending criminal charges. (ECF No. 7, p. 3). He alleges his constitutional rights were violated when he found a hair in his food tray on two separate occasions. Plaintiff claims he

reported the incidents to Defendant Peoples and was told "[i]t is on the kitchen." (ECF No.7, p. 7). In addition, Plaintiff states:

> My constitutional rights was violated by unclean food Service unhealthy for me to eat cross-contaminated Food when the Tray Smell Bad and the Food carts Smell The same, The Kitchen Sgt. Has a Request page But never Answers It or response to It About the uncleanness, The Kitchen Sgt Responsibilit is to provied healthy Food Service under policy . . . Warden Walker, Capt. Adams, and Lt. Miller, may not Directly Be Responsibal for the unclean Tray or for the Trays and food Carts Smelling Bad They Do Share Responsibility when a food and Health Violation is Reported The tray is till Smell, so Do the Carts, The Smell Speaks for uncleanness[.]

(ECF No. 7, p. 5).

Plaintiff also claims his rights were violated by "Warden Walker, Capt. Adams and Lt. Miller not responding to the Reports of unclean food service[.]" (ECF No. 7, p. 6). Plaintiff sues Defendants in their individual and official capacities. He is seeking compensatory and punitive damages. Plaintiff also requests that the kitchen sergeant be terminated. (ECF No. 7, p. 7).

## II. APPLICABLE LAW

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff

2

must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

**A. Unclean Food and Trays**

Plaintiff claims his constitutional rights were violated because he was served food in the MCDC on trays that smelled bad and he found a hair in his food on two occasions. "[W]hen the State takes a person into its custody and holds him there against his will, the constitution imposes upon it a corresponding duty to assume some responsibility of his safety and general well-being." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998) (citation omitted). The constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

"The Eighth Amendment prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities." *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996); *see also Hall v. Dalton*, 34 F.3d 648, 650 (8th Cir. 1994) ("[I]n this circuit the standards applied to Eighth Amendment and Fourteenth Amendment claims have been the same."). Jail or prison officials must provide reasonably adequate ventilation, sanitation, bedding, hygienic materials, food, and utilities. Claims for unlawful conditions of confinement include threats to an inmate's health and safety. *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008) (citation omitted).

To state an Eighth Amendment claim, Plaintiff must allege that prison officials acted with "deliberate indifference" towards conditions at the prison that created a substantial risk of serious harm. *Farmer*, 511 U.S. at 834. "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces deprivation of a single, identifiable human need such as food, warmth, or exercise.'" *Whitnack v. Douglas Cnty.*, 16 F.3d

3

954, 957 (8th Cir. 1994) (quoting *Wilson v. Sieter*, 501 U.S. 294 (1991)). This standard requires an inmate to show that he is incarcerated under conditions that pose a substantial risk of serious harm and that prison official had "a sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834.

To sustain a claim under the Eighth Amendment, a prisoner must establish that the food served was either nutritionally inadequate or prepared in a manner which presented an immediate danger to his health, or that his health suffered as a result of eating the food. *See Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992). Here, Plaintiff has made no claim that his food was nutritionally inadequate, that he became ill as a result of the food or the trays on which he was served, or that the food was prepared in a manner presenting an immediate danger to his health. In addition, the two isolated incidents when Plaintiff discovered a hair in his food do not rise to the level of a constitutional violation. *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1572 (11th Cir. 1985) ("The fact that the food occasionally contains foreign objects . . . does not amount to a constitutional deprivation.").

Accordingly, Plaintiff has failed to state a claim for unlawful conditions of confinement based on unclean food and trays.

**B. Failure to Respond to Grievances**

Plaintiff also alleges his constitutional rights were violated when Defendants refused to respond to his complaints about the foul odor of the food trays and the hair in his food. "Inmates do not have a constitutionally protected right to a grievance procedure. Because a . . . grievance procedure does not confer any substantive right upon prison inmates, a prison official's failure to comply with the grievance procedure is not actionable under § 1983." *Lombolt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (denial of grievances does not state a substantive constitutional claim). Consequently, Plaintiff fails to state a claim relating to the lack of response to grievances.

### C. Official Capacity Claims

42 U.S.C. § 1983 provides a federal cause of action for the deprivation, under color of state law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under section 1983, a plaintiff must allege that a defendant acted under color of state law and they violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). Under section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or both. *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998). With respect to official capacity claims, they are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In other words, Plaintiff's official capacity claims against Defendants are treated as claims against Miller County. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish Miller County's liability under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted).

Plaintiff's allegations concerning his official capacity claims merely consist of a recitation of the ways he believes his constitutional rights were violated. His claims do not suggest the existence of any policy, custom, or practice of Miller County. Accordingly, Plaintiff has failed to state a claim against Defendants in their official capacity.

5

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's claims against Defendants Warden Walker, Kitchen Sergeant, Officer Peoples, Lieutenant Miller, and Captain Adams in their individual and official capacities should be and hereby are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii).

**This dismissal of this case constitutes a strike pursuant to 28 U.S.C. § 1915(g). The Clerk is DIRECTED to place a § 1915 strike flag on the case.**

**IT IS SO ORDERED** this 18th day of June, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge